IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DNT, LLC,

                           Plaintiff,

        v.

SPRINT SPECTRUM, LP and NEXTEL
OPERATIONS, INC., et al.,

                        Defendants.

Civil Action Number 3:09CV21

## MEMORANDUM OPINION

THIS MATTER is before the Court on four Motions for Summary Judgment filed by

Plaintiff DNT, LLC ("DNT") (Doc. No. 271) and three Motions for Summary Judgment filed by

Defendants Sprint Spectrum, LP and Nextel Operations, Inc., et al. ("Defendants") (Doc. Nos. 290,

292 & 293.)  The Court heard oral argument on the Motions on November 19, 2009.  For the

reasons stated below, DNT's Motion and two of Defendants' Motions are DENIED.  Defendants'

remaining Motion is DENIED in part and GRANTED in part.

## I. BACKGROUND

This case concerns allegations of patent infringement. The patent at issue is U.S. Patent No.

RE 37, 660 ("'660 Patent").  The '660 Patent constitutes a reissue of U.S. Patent No. 5,452,352

("'352 Patent").  The inventor, David Talton ("Inventor"), applied for the '352 Patent on March 20,

1990.  The United States Patent and Trademark Office ("PTO") issued the '352 Patent on

September 19, 1995.  Two years thereafter, on September 19, 1997, Talton filed a reissue application.

The resulting '660 Patent, issued April 16, 2002, mirrors the '352 Patent and contained identical

abstract language and description but included one new independent claim (Claim No.21), and five

new dependent claims (Claim Nos. 22-26). (See '660 Patent, at 8:21-50.) Claim No. 21 is at issue in the instant matter.

On January 9, 2009, DNT commenced this lawsuit alleging that various wireless modem cards offered or sold by "Sprint Nextel Corporation" ("Sprint"), Cellco Partnership d/b/a Verizon Wireless ("Verizon"), T-Mobile USA, Inc. ("T-Mobile"), Alltell Corporation ("Alltell"), United States Cellular Corporation ("U.S. Cellular"), and Cricket Communications, Inc. ("Cricket") infringed the '660 patent.[1]  On March 31, 2009, the Court granted a Motion to Intervene filed by Novatel Wireless, Inc. ("Novatel"), which sought to intervene by virtue of its designing and producing several products sold and offered by Sprint now accused of infringement within DNT's Complaint.  On July 24, 2009, the Court held a hearing pursuant to Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995), in order to consider the position of the parties as to certain terms contained in Claim Nos. 21-26, and issued a Claim Construction Order on those terms on August 5, 2009. (Doc. No. 142.)

## II. DISCUSSION

### A. Legal Standard

A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  All "factual disputes and any competing, rational inferences [are resolved] in the light most favorable to the party opposing that motion."  Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotations marks and citations omitted).  In their analyses, courts look to the affidavits or other specific facts pled to

---

[1] DNT voluntarily dismissed Cricket Communications, Inc. pursuant to Federal Rule of Civil Procedure 41(a) on January 28, 2009.

2

determine whether a triable issue exists. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Where no genuine issue of material fact exists, it is the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." <u>Drewitt v. Pratt</u>, 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted). However, summary judgment should not be granted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id</u>. Mere unsupported speculation is not sufficient if the undisputed evidence indicates the other party should win as a matter of law. <u>Emmett v. Johnson</u>, 532 F.3d 291, 297 (4th Cir. 2008).

## B.  Defendants' Motion for Summary Judgment of Non-Infringement (Doc. No. 292)

Defendants seek summary judgment of non-infringement for their accused devices. Summary judgment on the issue of non-infringement is proper when no reasonable jury could find that every limitation recited in a properly construed claim is found in the accused device either literally or under the doctrine of equivalents. <u>See</u> <u>PC Connector Solutions LLC v. SmartDisk Corp.</u>, 406 F.3d 1359, 1364 (Fed. Cir. 2005) (citing <u>Bai v. L & L Wings, Inc.</u>, 160 F.3d 1350, 1353-54 (Fed. Cir. 1998)); <u>see also</u> <u>Chimie v. PPG Indus., Inc.</u>, 402 F.3d 1371, 1376 (Fed. Cir. 2005). Claim 21 of the '660 Patent references "[a] credit card sized communications device including: a credit card sized housing insertable into a computer and couplable to a telephone network." ('660 Patent col.8 ll.21-24.) Among the accused devices are Defendants' USB devices, for which the Court grants summary judgment of non-infringement.

In terms of literal infringement, there is no material factual issue, that is, no reasonable jury could conclude, that the "housing" of the accused USB devices is "insertable" into a computer as required by Claim 21 of the '660 Patent. Additionally, the plug or connector means on the accused USB devices is not a part of the housing.

3

The Court's construction of "credit card sized" requires the accused device to be similar in size to a credit card. (Ct.'s Cl. Constr. Order, Doc. No. 142.) The word "similar" is tied to an anchor "size of a credit card." A common sense review of the accused USB devices at issue in this case reveals that they are not similar in size to a credit card. In fact, the evidence in the record demonstrates a substantial difference from the standard credit card size. The absence of even one claimed element will defeat a claim for direct infringement. See S. Bravo Systems, Inc. v. Containment Technologies Corp., 96 F.3d 1372, 1376 (Fed. Cir.1996); Laitram Corp. v. Rexnord, Inc., 939 F.2d 1533, 1535 (Fed. Cir.1991) ("To establish infringement, every limitation set forth in a patent claim must be found in an accused product or process exactly or by a substantial equivalent.").

With regards to whether the doctrine of equivalents method of proving infringement saves the USB devices with respect to infringement allegations, the Court finds that it does not. Under the doctrine of equivalents, a claim element is equivalently present in an accused product if only "insubstantial differences" distinguish the missing claim element from the corresponding aspects of the accused product. See Sage Products, Inc. v. Devon Industries, Inc., 126 F.3d 1420, 1423 (Fed. Cir. 1997) (citing Hilton Davis Chem. Co. v. Warner-Jenkinson Co., 62 F.3d 1512, 1517-18 (Fed. Cir. 1995), rev'd en banc on other grounds, 520 U.S. 17 (1997). In this case, the Court finds that the differences between the claimed element and the USB devices are not insubstantial differences, and thus they are not infringing under the doctrine of equivalents.

Credit card size was also an important feature of the claimed invention. This element of the invention was used to distinguish a prior art reference, making it highly relevant to what the claim covers. See Spectrum Intern., Inc. v. Sterilite Corp., 164 F.3d 1372, 1379 (Fed. Cir. 1998) (holding that "by distinguishing the claimed invention over the prior art, an applicant is indicating what the

claims do not cover.") (citing <u>Ekchian v. Home Depot</u>, 104 F.3d 1299, 1304 (Fed. Cir. 1997).

Additionally, under the doctrine of equivalents, a patentee must show that the accused device performs substantially the same function, in substantially the same way, to achieve substantially the same result. <u>See</u> <u>Read Corp v. Portec, Inc.</u>, 970 F.2d 816, 822 (Fed. Cir. 1992) (citing <u>Graver Tank & Mfg. Co. v. Linde Air Prods. Co.</u>, 339 U.S. 605, 607 (1950)). Under the function-way-result test in the instant case, a function of Plaintiff's invention was to fit into a credit card slot. <u>Read Corp. v. Portec, Inc.</u>, 970 F.2d 816, 822 (Fed. Cir. 1992). The accused USB devices clearly do not fit into a credit card slot, and therefore fail to meet the test under the doctrine of equivalents.

Regarding all other issues in Defendants' Motion for summary judgment on the issue of non-infringement, there are genuine issues of material facts yet to be resolved. A motion for summary judgment lies only where "there is no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). Therefore, summary judgment of the remaining issues in Defendants' Motion will be DENIED.

<u>C. Defendants' Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 251 (Doc. No 290)</u>

Defendants seek summary judgment on the issue of invalidity of Patent '660 under 35 U.S.C. § 251. As an initial matter, Plaintiff argues that the Court's ruling during claim construction on the issue of recapture constituted a ruling on validity or invalidity of the patent. The Court finds that issue preclusion on the recapture issue is not appropriate. During claim construction, the Court simply looked to arguments as to how the recapture doctrine should guide its claim construction. Considering the recapture issue on summary judgment is an entirely different matter. Subsequently,

the Court finds that genuine issues of material fact exist with respect to the issue of invalidity under 35 U.S.C. § 251.  See Fed. R. Civ. P. 56(c).

### D.  Defendants' Motion for Summary Judgment of Invalidity Under 35 U.S.C. §§ 102 & 112 (Doc. No. 293)

Defendants also move for summary judgment on the issue of invalidity under 35 U.S.C. §§ 102 & 112.  The Court finds that genuine issues of material fact exist as to the written description and enablement requirement under §112, as well as to the anticipation of claims issue for the Worldport 2400 Modem and U.S. Patent No. 4,529,870 under § 102.  Consequently, the Court finds summary judgment improper, and Defendants' Motion is DENIED.  See Fed. R. Civ. P. 56(c).

### E.  Plaintiff's Motion for Summary Judgment (Doc. No. 271)

Plaintiff seeks summary judgment on a number of defenses alleged by the Defendants.  The Court finds that there exist genuine issues of material fact yet to be resolved regarding the defenses of absolute and equitable intervening rights, presumption and application of laches, prosecution history estoppel, marking, invalidity, and public dedication.  See Fed. R. Civ. P. 56(c).  Therefore, Plaintiff's Motion for summary judgment on these defenses is DENIED.

## III. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for Summary Judgment, Defendants' Motion for Summary Judgment of Invalidity under 35 U.S.C. 102 & 112, and Defendants' Motion for Summary Judgment of Invalidity under 35 U.S.C. § 251.  The Court

DENIES in part and GRANTS in part Defendants' Motion for Summary Judgment of Non-infringement.  An appropriate Order will accompany this Memorandum.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __3rd___ day of February 2010